UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:11-40130-RGS
CIVIL ACTION NO. 4:11-40185-RGS

IN RE JOHN PAUL SCHEFFER AND MARTHA M SCHEFFER

ARA ERESIAN, JR.

v.

JOHN PAUL SCHEFFER AND
MARTHA M SCHEFFER

ORDER ON APPEAL

January 17, 2012

STEARNS, D.J.

In this bankruptcy appeal, appellant Ara Eresian seeks to reverse the Bankruptcy Court's decision granting defendants' motion to dismiss. Having examined Eresian's response to the court's Order to Show Cause, and given the absence of any showing of a good reason to permit this appeal to go any further, the decision of the Bankruptcy Court (Hoffman, J.) granting defendants' motion to dismiss is <u>AFFIRMED</u> for the reasons stated in the Bankruptcy Court's opinion.[1]  In a related appeal stemming from

---

[1] This court, in its Order to Show Cause, noted that Eresian is/has been a litigant in nearly a score of cases, several of which are related to the same bankruptcy at issue here and essentially involve the same nucleus of facts.  In his decision granting defendants' motion to dismiss, Judge Hoffman aptly pointed out that "[t]his adversary proceeding is but one in a long list of legal proceedings initiated by Ara Eresian in a

the same case, Eresian seeks to reverse the Bankruptcy Court's Order on Assessment of Attorney's Fees. The decision of the Bankruptcy Court in this matter is also AFFIRMED.[2] The Clerk will enter the affirmances and close both of the above-captioned cases.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

misguided and obsessive crusade to avenge the October 1990 foreclosure of property previously owned by Mr. Eresian's mother located at 62 Westwood Road, Shrewsbury, Massachusetts." Dkt # 1-1 at 1.

[2] Judge Hoffman, while acknowledging that the power to shift attorneys' fees "should be used sparingly and reserved for egregious circumstances," further noted that fee-shifting is appropriate when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico*, 563 F.3d 1, 6 (1st Cir. 2009) (internal quotation marks and citations omitted). Judge Hoffman concluded that "Eresian's conduct warrants his being required to pay the debtors' attorneys' fees in connection with this adversary proceeding," as he "has exhibited a pattern of behavior that any reasonable person would find shocking." Dkt # 1-1 at 6-7.